

United States Courts
Southern District of Texas
ENTERED

MAY 2 8 2003

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DWAYNE AND MARIA ROSS, §
INDIVIDUALLY, AND AS NEXT FRIENDS OF §
SYDNEY ROSS AND JOHNATHON ROSS, §
MINOR CHILDREN, §
    PLAINTIFFS, §
§
V. § CIVIL ACTION NO. H-01-1311
§
MATTHEW CURTIS MARSHALL, ET. AL. §
    DEFENDANTS §

## FINAL JUDGMENT

After the parties announced ready, this case was tried to a jury. After the parties rested, the Court announced as a matter of law and undisputed fact that the five co-conspirators (defendants Matthew Marshall, Corydon Parsons, Wayne Mathews, Robert Bergeron and Darin White) were liable to the plaintiffs for state law claims of nuisance, trespass, invasion of privacy, and intentional infliction of emotional distress; and liable to the plaintiffs for federal claims of violation of the Fair Housing Act, violation of civil rights (42 U.S.C. § 1982) and conspiracy to violate civil rights (42 U.S.C. § 1985) and common law civil conspiracy.

Thereafter, the Court submitted to the jury issues on the liability of the defendant Kent Mathews for negligent delegation of authority, defamation as to the five co-conspirators; malice as to the five co-conspirators; and actual and exemplary damages for each plaintiff. The plaintiffs nonsuited their claims against Sally Mathews. The Court

finds that prior to trial, that the individual plaintiffs settled with Matthew Marshall for the total sum of $490,000. The Court credits the remaining defendants with a settlement credit by reducing the damages awarded to the individual plaintiffs in the respective the amount that each plaintiff received from defendant Marshall. The remaining defendants are, therefore, entitled to a credit in the amount of $5,000 as to Dwayne Ross; $475,000 of the damages as to Maria Ross; $5,000 as to Sydney Ross; and $5,000 as to Johnathon Ross.

In answer to Jury Interrogatory No.1, the jury found that the defendant Kent Mathews had delegated his authority over the Mathews' property to Wayne Mathews on the night in question, and that such delegation constituted negligence. However, they found that the negligence was not a proximate cause of the harm inflicted on the plaintiffs. As a result, the Court concludes that while it is undisputed that Wayne Mathews' use of the Mathews' property was within the scope of that authority, the wrongful acts were not. Therefore, the Court holds that the plaintiff shall take-nothing against Kent Mathews for his wrongful act. Moreover, the wrongful acts and the damages found against Wayne Mathews are not attributable to him.

Having reviewed the jury findings and the evidence, this Court finds that judgment should be entered in plaintiffs' favor. It is, therefore,

ORDERED that Dwayne Ross recover from the defendants Corydon Parsons, Wayne Mathews, Robert Bergeron, and Darin White, jointly and severally, the sum of $4,397,996.65, which includes $3,626,086 in actual damages and $771,910.65 in prejudgment interest. This amount includes a reduction of actual damages because of the settlement credit. It is, further

ORDERED that Maria Ross recover from the defendants Corydon Parsons, Wayne Mathews, Robert Bergeron, and Darin White, jointly and severally, the sum of $3,802,093.68, which includes $3,134,775 in actual damages and $667,318.68 in prejudgment interest. This amount includes a reduction of actual damages because of the settlement credit. It is, further

ORDERED that Sydney Ross recover from the defendants Corydon Parsons, Wayne Mathews, Robert Bergeron, and Darin White, jointly and severally, the sum of $776,239.18, which includes $640,000 in actual damages and $136,239.18 in prejudgment interest. This amount includes a reduction of actual damages because of the settlement credit. It is, further

ORDERED that Jonathan Ross recover from the defendants Corydon Parsons, Wayne Mathews, Robert Bergeron, and Darin White, jointly and severally, the sum of $181,934.70, which includes $150,000 in actual damages and $31,934.70 in prejudgment interest. This amount includes a reduction of actual damages because of the settlement credit. It is, further

ORDERED that Dwayne Ross recover exemplary damages from Corydon Parsons the sum of $2,600,000; from Wayne Mathews the sum of $975,000; from Robert Bergeron the sum of $162,500; and from Darin White the sum of $162,500. It is, further

ORDERED that Maria Ross recover exemplary damages as follows from Corydon Parsons the sum of $2,600,000; from Wayne Mathews the sum of $975,000; from Robert Bergeron the sum of $162,500; and from Darin White the sum of $162,500. It is, further

ORDERED that Sydney Ross recover exemplary damages from Corydon Parsons the sum of $650,000; from Wayne Mathews the sum of $243,750; from Robert

Bergeron the sum of $40,625; and from Darin White the sum of $40,625. It is, further

ORDERED that Jonathan Ross recover exemplary damages from Corydon Parsons the sum of $650,000; from Wayne Mathews the sum of $243,750; from Robert Bergeron the sum of $40,625; and from Darin White the sum of $40,625. It is, further

ORDERED that plaintiffs recover from the defendants, jointly and severally, reasonable and necessary attorneys fees of $738,187.50 for preparation and trial of the case; $25,000.00 if the case is appealed to the United States Court of Appeals for the Fifth Circuit; and $15,000.00 if the case is appealed to the United States Supreme Court. It is, further

ORDERED that plaintiffs recover from the defendants, jointly and severally, their costs incurred herein. It is, further

ORDERED that defendants shall pay post-judgment interest at the rate of 1.13% on all damages assessed in this judgment from the date that this judgment is signed until this judgment is paid in full.

This is a Final Judgment. All relief not expressly granted is DENIED.

Signed this 27th day of May, 2003.

KENNETH M. HOYT
United States District Judge